By the Court,

Nelson, C. J.
I am of opinion that the plea is sufficiently certain to raise the lien for keeping the horses. It is said that the defendant should have averred *that Collins was a trav- [ *655 ] eller or guest, 'and as such delivered the horses to be kept, for the purpose of showing distinctly the character in which they were received by him, without which no lien arises upon the custom of the realm. But the averment made by the defendant that he was the keeper of a public inn at Cortl.mdville and as such innkeeper received the said horses, seems to me to be equivalent to the averment that Collins was a traveller or guest. It is a full allegation of the character of the defendant in which they were received and kept, and is admitted by the demurrer.
Besides, it is not- necessary in point of fact that the owner or person putting the horses to be kept at a public inn, should be a guest at the time, in order to charge the innkeeper for any loss that may happen, or to entitle him to the right of lien. This has been repeatedly held. It would seem therefore that in such cases the averment may be safely omitted. If the horses be left with the innkeeper, though the owner may put up at a different place, the former is answerable for the safe keeping, and should of course be entitled to the summary remedy for his reasonable charges. 1 Salk. 338 ; Cro. Jac. 189; Story on Bailment, 311; 9 Pick. 280.
Judgment affirmed.